STATE ex rel. GEORGE L. HARDY v. DAVID M. CLOUGH and Others, Commissioners.[1]

May 11, 1896.

Nos. 9955—(61).

**Enlargement of Counties—Laws 1895, c. 298—Judicial Acts—Certiorari.**

The proceedings of the governor, secretary of state, and state auditor, under Laws 1895, c. 298, entitled "An act providing for the enlargement of organized counties by attaching thereto, and incorporating therein, territory from an adjoining unorganized county or counties," are neither judicial nor quasi judicial in their nature, and cannot be reviewed on certiorari.

Certiorari issued to the governor, state auditor, and secretary of state of the state of Minnesota, for the purpose of reviewing their action as commissioners under the provisions of Laws 1895, c. 298, by which certain territory was detached from Cass county and attached to Crow Wing county. Writ quashed.

*M. R. Tyler* and *M. E. Clapp*, for relator. *John B. Sanborn* also filed a brief in support of the writ.

*H. W. Childs*, Attorney General, and *Wilson & Van Derlip*, for respondents.

MITCHELL, J. It is here sought, on writ of certiorari, to review the proceedings of the governor, secretary of state, and state

[1] Reported in 67 N. W. 202.

auditor, under Laws 1895, c. 298, entitled "An act providing for the enlargement of organized counties by attaching thereto, and incorporating therein, territory from an adjoining unorganized county or counties."

The act provides [2] that whenever there shall be presented to the secretary of state a petition signed by not less than 55 per cent. of the actual residents and legal voters of any organized county as shown by the returns of the last preceding general election, praying that certain territory be detached from an adjoining unorganized county or counties, containing an accurate description of such territory and the boundaries thereof, and also a petition of like import signed by 55 per cent. of the actual residents and legal voters of the territory proposed to be attached to said organized county, as shown by the returns of said last preceding general election from all the voting precincts within said territory, which said petitions shall contain specified facts, verified by the oaths of the legal voters signing the same, then the secretary of state shall at once file the petitions, and notify the governor and state auditor of the receipt of the same; and they shall immediately meet and consider said petitions, and, if they be found to conform to law, they, or a majority of them, shall so certify, and immediately thereupon the governor shall issue his proclamation, attested by the secretary of state, setting forth the facts that such petitions have been so filed and found conformable to law, and declaring the territory described in the petitions detached from the unorganized county or counties of which it was formerly a part, and attached to and incorporated within the organized county, as prayed for in the petitions. Upon the issuance of such proclamation, the said territory shall thereupon become a part of the organized county.

Under the repeated decisions of this court, these proceedings are neither judicial nor quasi judicial in their nature, and cannot be reviewed on certiorari. We have so often stated our views as to the office of the writ of certiorari, and the nature of the proceedings that may be reviewed on it, that it is wholly unnecessary to repeat them at this time. In re Wilson, 32 Minn. 145, 19 N. W. 723; Lemont v. County of Dodge, 39 Minn. 385, 40 N. W. 359; Christlieb v. County of Hennepin, 41 Minn. 142, 42 N. W. 930; Moede v. County of Stearns, 43 Minn. 312, 45 N. W. 435. Neither in their

[2] Section 2.

nature, the manner of performing them, nor in their effect when performed, are the acts of the governor, secretary of state, and state auditor, under this statute, judicial or quasi judicial, any more than were the acts of the city council in defining the "patrol limits," or of the county commissioners in forming a new town or school district, which were considered in the cases cited.

The fact that a board or officer has, in the performance of their duties, to ascertain certain facts, and, in doing so, to determine what the law is, does not of itself render its acts judicial. That has to be done every day by public bodies and officers, in the discharge of purely legislative or executive acts. Neither does it render an act judicial in its nature because it, in a general sense, affects the relator's interests in common with those of other members of the public. It is difficult to conceive of any legislative or executive act which does not in this way affect the interests of every member of the community. To render the proceedings of special tribunals, commissioners, or municipal officers judicial in their nature, they must affect the rights or property of the citizen in a manner analogous to that in which they are affected by the proceedings of courts acting judicially. Examples of this nature are proceedings in taking private property for public use, and assessing the owner's compensation, in making assessments for local improvements, in contested election cases, or removing from office for cause.

Where proceedings are judicial, if no right of appeal is given, certiorari will lie, but the fact that no right of appeal is given has no bearing on the question whether the proceedings are judicial in their nature. Neither is there anything in the suggestion that certiorari ought to lie because there is no other adequate or speedy remedy by which to review the proceedings. If this was the fact, it would not change the nature of the proceedings. Moreover, while it is not our province to suggest in advance what remedies are available, we have no doubt but that there are ample and convenient means by which the validity of these proceedings may be determined.

As the writ of certiorari must be quashed, it would be out of place for us to pass upon the question of the constitutionality of Laws 1895, c. 298, which involves the very important question

whether the constitutional amendment of 1881 [3] abrogates the pro-
visions of article 11, § 1, of the constitution, relating to the change
of county lines, and thus removes all restrictions upon the power
of the legislature over the subject.   To avoid misapprehension, we
wish, however, to say that we do not consider that question fore-
closed by what was said in Nichols v. Walter, 37 Minn. 264, 33 N.
W. 800.   What was there said, if not entirely obiter, was certainly
unnecessary to the decision of that case; and, whether the opinion
there expressed was right or wrong, the reason given for it was,
at least, of questionable accuracy.

Writ quashed.

---

[3] See Laws 1883, p. 2;  Const. art. 4, § 33.          [1] Reported in 67 N. W. 20.