# HAROLD C. STEVENS v. MINNEAPOLIS FIRE DEPARTMENT RELIEF ASSOCIATION.[1]

January 23, 1914.

Nos. 18,379—(248).

**Relief association — right of member to pension.**

1. Where a member of the Minneapolis Fire Department Relief Association, an organization formed under the general laws of the State for the relief of disabled members of the Minneapolis Fire Department, is determined by the association to be disabled within the meaning of its constitution and by-laws and is granted a pension as therein provided, his right to the pension is a vested legal right of which he cannot be deprived except by due process of law, namely, by notice and opportunity to be heard in any proceedings had by the association for the purpose of terminating his rights.

**Recovery from disability — finding not conclusive.**

2. A determination by the association that a member thereof previously entered upon the pension rolls has fully recovered from his disability is not final and conclusive where the member had no notice and was not afforded an opportunity to be heard upon the question.

**Law of mutual benefit society applies.**

3. The rights of the parties are analogous to and controlled by the principles of law applicable to mutual benefit societies.

**Findings sustained by evidence.**

4. Findings of the trial court *held* sustained by the evidence.

[1] Reported in 145 N. W. 35.

Action in the district court for Hennepin county to recover $10 per month from defendant between May, 1903, and May, 1907, and to determine that plaintiff is a pensioner of the second class and to recover a pension at the rate of $25 per month from May, 1907. The facts are stated in the opinion. The case was tried before Hale, J., who made findings and ordered judgment in favor of plaintiff for $15 per month from May, 1907. From the judgment entered pursuant to the order for judgment, defendant appealed. Affirmed.

*G. A. Will,* for appellant.

*John J. McHale,* for respondent.

BROWN, C. J.

The pleadings and evidence in this case disclose the following facts: Defendant is an association organized under the general laws of the state (chapter 58, R. L. 1905, chapter 24, p. 30, Laws 1907)[1] for the relief of disabled members of the Minneapolis fire department, and of their families in case of death, resulting from the performance of their duties as firemen. Plaintiff was a member of the fire department serving in different capacities from September, 1895, to February 28, 1902. From injuries and exposure in the performance of his duties he became disabled from the further discharge thereof and was by the relief association placed upon its pension rolls as entitled to certain monthly allowances for his support. The proceedings had for this purpose were in all things regular and plaintiff thereafter drew from the association the amount of the pension granted him until May 27, 1907. On that date the association, acting through its board of trustees, in proceedings had for the purpose, determined that plaintiff had fully recovered from his disability and his name was ordered stricken from the pension rolls, and further payments were thereafter refused. Plaintiff was not informed of this proceeding and subsequently interposed objections to his removal, and applied for re-instatement which was refused. This action was thereafter brought to recover the amount due under the pension allowance from the date of the suspension, the theory of the action being that the removal of plaintiff as a pensioner was without right and was wrongful and unlawful and a violation of

[1]. G. S. 1913, § 3348.

plaintiff's rights in the premises. Defendant answered to the merits, insisting that plaintiff had recovered from his disability and that the removal was not only justified but required by the laws of the association. The principal issue litigated on the trial centered around the question whether plaintiff had recovered and was therefore no longer entitled to a pension from the association. The trial court found as a fact that he had not so recovered, was still, at the time of the trial, suffering from the disability for which the pension was granted, that the action of the association in removing plaintiff was not justified by the facts, and judgment was ordered for plaintiff accordingly. Defendant appealed.

The assignments of error present the questions whether the findings of the trial court are sustained by the evidence, and whether the decision rendered is contrary to law. Whether the action of the association in removing plaintiff from the list of pensioned members can be reviewed in this manner, or whether to entitle plaintiff to recover he should first by some appropriate proceeding be restored to membership, are questions which were not raised by the pleadings or on the trial and are not therefore considered. We limit our consideration solely to the two questions mentioned above. It is contended that the decision of the court below is contrary to law for the reasons: (1) That the pension granted by the association to sick and disabled firemen is a mere gratuity, in which the pensioner has no vested right, and may be withdrawn or discontinued at pleasure, and (2) that the determination by the association, through its board of trustees, that plaintiff had fully recovered from the disability for which the pension was granted, is final; at least that the action of defendant in this respect is open to review by the courts only when the power of removal has been greatly abused.

1. The contention that the pension is a mere gratuity to be granted or discontinued at the pleasure of the association is not sustained. The association was formed under authority of law, and for the purpose of affording in a measure indemnity and protection to firemen, who, in the performance of their duties, suffer injuries which render them incapable of continuing their duties or of performing other manual labor. The funds from which the pensions are paid are

contributed by the state and the city of Minneapolis, and from dues and assessments imposed upon the members of the fire department. Every fireman in good standing and meeting the requirements of the regulations of the association is entitled as a matter of legal right to a place on the pension rolls whenever disabled to the extent declared by the laws of the association. Buckendorf v. Minneapolis Fire Dep. Relief Assn. 112 Minn. 298, 127 N. W. 1053, 1133. The creation of the pension fund was intended for the protection of disabled firemen, and of their families when death resulted from the discharge of their duties, and forms an inducement to qualified persons to become and continue members of the fire department. Each fireman contributes to the fund in the form of annual dues of $8, and this, if there be no other reason, vests in him substantial rights of which he cannot be deprived except by due process of law. The constitution and by-laws of the association provide that the disabled member *shall* be paid the amount of pension money appropriate to his class, and neither the allowance nor payment is left to the arbitrary discretion of the officers of the association. The situation is wholly unlike the ordinary pension, such as that granted by the Federal government to dependent soldiers of the Civil War, for there the pension is a mere gratuity or bounty which may be taken away at any moment. Walton v. Cotton, 60 U. S. [19 How.] 355, 15 L. ed. 658; U. S. v. Teller, 107 U. S. 64, 2 Sup. Ct. 39, 27 L. ed. 352. In the case at bar the pension fund is created in part by the payment of dues by the members of the fire department, who may ultimately become pensioners, and the rights acquired by the fireman are analogous to those possessed by members of mutual benefit societies. 28 Cyc. 555. We therefore hold that the pension in question is not, as contended by the appellant, a mere gratuity to be granted or withheld at the whim or pleasure of the association.

2. The contention that the determination by the association that plaintiff had fully recovered from his disability is conclusive and not reviewable by the court is not sustained. From what has been said in reference to the rights acquired by members of the fire department, it follows that they have certain vested rights in and to the relief which the association may not arbitrarily destroy. While

it is true that the articles of association and the by-laws provide that the determination by the association of questions of disability and injury is final and conclusive, those provisions must be construed in the light of the legal rights of the parties, and in harmony with the fundamental doctrine that no person can be deprived of his property or property rights except by due process of law; and this means notice and opportunity to be heard. There is no claim that plaintiff was afforded this opportunity, and it does not appear that he was notified of the time or place when or at which the trustees of the association would hear and determine the question of plaintiff's restoration to health. If notice had been given plaintiff and he had thus been afforded an opportunity to be heard, the determination of the association that he had been restored to health and therefore should be dropped from the pension roll, if not final and conclusive by contract stipulation as declared by the laws of the association, should be interfered with by the court only on a clear showing of manifest arbitrary action on the part of the association. Karb v. State, 54 Oh. St. 383, 43 N. E. 920; People v. Board of Trustees of Fireman's Pension Fund, 95 Ill. App. 300; People v. Scannell, 34 Misc. 709, 70 N. Y. Supp. 1042; 28 Cyc. 555. It is clear that in determining the question whether a member shall be dropped from the pension list, and thereby deprived of the benefits conferred and vested thereby, the association acts in at least a quasi-judicial capacity, for the determination affects the vested legal rights of the pensioner, and he should be afforded an opportunity to protect and defend those rights. 10 Am. & Eng. Enc. (2d ed.) 296, et seq; State v. Dunn, 86 Minn. 301, 90 N. W. 772. It follows then, for the reasons stated, that the determination of the question of his removal is not conclusive.

3. The contention that the evidence fails to support the findings requires no extended discussion. It is doubtful, since plaintiff was not given a hearing, whether the action of the association in striking his name from the pension list, is of any validity whatever, yet it may be conceded for the purposes of this case that the order of the association was valid and, until set aside in this or some other form of action, binding upon plaintiff. However, it does not appear that

124 M.—25.

plaintiff was given an opportunity to be heard in the matter, the rule limiting the right of the courts to set the determination aside to instances of manifestly arbitrary action by the association does not apply. This is necessarily so for the reason that defendant failed, by not giving to plaintiff an opportunity to be heard, to render applicable the finality rule of its by-laws, for they must be construed as requiring such notice and opportunity, and there is therein no provision for a review of questions of the kind. In this situation the court below was controlled by the rule of preponderance of the evidence, and we are controlled by the usual rule applicable to the review of questions of fact. In this light we have examined the evidence and find no reason for holding that the findings are clearly and palpably against the evidence.

Judgment affirmed.