## STATE ex rel. SCHOOL DISTRICT NO. 44 OF WRIGHT COUNTY v. COUNTY BOARD OF WRIGHT COUNTY and Others.[1]

June 26, 1914.

Nos. 18,681—(13).

**Certiorari — division of funds between school districts.**

1. Section 2696, G. S. 1913, providing that, whenever a school district is divided and a part of the territory thereof set off and formed into a new district, the funds in the treasury thereof shall be divided equitably between the old and new districts, *held* to vest in the new district a legal right to a proportionate share of such funds, and that the action of the county commissioners in making the division may be reviewed on *certiorari*.

**School district funds — construction of statute.**

2. The statute is construed and *held* to apply to all money in the treasury at the time of the organization of the new district, including a building fund raised by the sale of bonds for the construction of a new school house in the old district.

**Division of school funds.**

3. The division of the fund is the act of the legislature, and not that of the officers charged with the duty of making it, and there is no unlawful diversion of the fund from the purposes for which it was raised.

**Distribution of fund.**

4. The legislature has the power to direct the distribution of such a fund in a situation of this kind.

**Discretion of county board — review by court.**

5. The courts will not interfere with the exercise of the discretion vested in the county board by G. S. 1913, § 2696, providing that, when a new district

---

1 Reported in 148 N. W. 52.
    126 M.—14.

is formed from part of an existing district, the funds of the old district shall be divided equally between the two districts, where it does not appear that such discretion has been arbitrarily exercised or abused.

Upon the relation of School District No. 44 of Wright county the district court for that county granted its writ of certiorari, directed to the county board of Wright county, its members, and John A. Berg, county auditor, to review the proceedings of the county board relating to the division of funds of relator. Thereafter school district No. 139 of Wright county was ordered to show cause why the order of the county board should not be reversed. The matter was heard before Giddings, J., who made findings and ordered judgment reversing the action of the county board without prejudice to a renewal of the application by district No. 139 for a division of school moneys. From the judgment entered pursuant to the order for judgment, School District No. 139 of Wright county appealed. Reversed.

*F. H. Castner* and *H. C. West,* for appellant.

*J. T. Alley,* for respondent.


BROWN, C. J.

This proceeding involves the validity of the action of the board of county commissioners of Wright county, acting under chapter 109, p. 118, Laws 1907, in dividing the funds in the treasury of school district No. 44 between that district and district No. 139, a part of the territory of which was taken from district No. 44. The county board made an order of apportionment upon the basis of the taxable value of the real property in the separate districts, and awarded to district No. 139 thirty-six per cent of such funds. The officers of district No. 44, being dissatisfied with this division, and particularly because a building fund was included in the money divided, sued out a writ of *certiorari* from the district court to review the same. On a hearing before the court an order was made, upon which judgment was rendered, reversing the action of the county board, for the reason that the board erred in including in the division the building fund, and the matter was remanded without prejudice to the right of dis-

trict No. 139 to apply to the board for a new apportionment, which the board was directed to make in harmony with the views of the court upon the particular question. From the judgment so entered an appeal was taken to this court.

1. Appellants contended in the court below and also in this court that the decision of the county board was not subject to review on *certiorari,* and that the proceeding should therefore be dismissed. The contention is not sustained. The statute, providing for a division of the funds in cases of this kind, necessarily vests in each affected school district a legal right to a portion of the funds on hand at the time of the separation, and the county board in making such division determines the measure of such legal rights; it acts in at least a quasi judicial capacity, and since no appeal is given, *certiorari* may be resorted to by an aggrieved district. State v. Dunn, 86 Minn. 301, 90 N. W. 772. The case of Lemont v. County of Dodge, 39 Minn. 385, 40 N. W. 359, cited by appellant, involved the organization of a new school district, purely a legislative matter, and is not here in point.

2. The only other question we deem it necessary to consider is whether the court below was correct in holding that the building fund in the treasury of district No. 44 should have been excluded in determining the proportion each district was entitled to receive of the money subject to division. A careful consideration of the question leads to the conclusion that in so holding the court was in error.

The statute under which the division was made, chapter 109, p. 118, Laws 1907 (section 2696, G. S. 1913), provides as follows:

"That whenever the boundaries of any school district are changed, or when a school district is formed from territory comprising two or more districts, or when any school district is divided, the county board shall make a division of all moneys, funds and credits belonging to such districts and shall make an award of such moneys, funds and credits to the district or districts affected by such change, and in making such award the commissioners shall take into consideration the indebtedness, if any, of the district so divided, and shall make such division as they deem just and equitable."

District No. 139 was formed by action of the board of county com-

missioners on April 15, 1913. No question is presented as to the regularity of the organization, and it is assumed that the proceedings therefor were in all things in conformity with the statute in such case provided. Prior to the date stated, and on March 3, 1913, pursuant to an election duly called for that purpose, district No. 44 voted to issue the bonds of the district in the sum of $2,000, for the purpose of constructing a new school building therein. Proceedings were at this time under way for the organization of district No. 139, and that fact was generally known. Pursuant to the result of the election the bonds of district No. 44 were duly issued and the proceeds from the sale thereof, namely, $2,000, were in the treasury of district No. 44, on the date of the formation of district No. 139. The county board included this fund in the money divided, which the court below held was error.

The court below was guided in disposing of the case by the general rule that public funds cannot be diverted from the uses for which they were raised, and since this fund was raised for a specific purpose, namely, the construction of a new school building in district No. 44, it was beyond the power of the county board to award a portion thereof to district No. 139. While the general rule stated is well settled, we think it has no application to a situation like that here presented. The rule only applies to the local officers having in charge the disbursement of the money, and does not affect legislative control of the fund. The case is controlled by the further rule that the legislature, having plenary control of the local municipality, of its creation, and of all its affairs, has the right to authorize or direct the expenditure of money in its treasury, though raised for a particular purpose, for any legitimate municipal purpose, or to order and direct a distribution thereof upon a division of the territory into separate municipalities. City of Winona v. School District No. 82, Winona County, 40 Minn. 13, 41 N. W. 539, 3 L.R.A. 46, 12 Am. St. 687; 3 Notes on Minn. Reports, 4; 38 Cyc. 227, and 310; 20 Am. & Eng. Enc. (2d ed.) 1221, and 1226; Sangamon County Commrs. v. Springfield, 63 Ill. 66; Creighton v. City, 42 Cal. 446; City of Indianapolis v. Indianapolis Home, etc. 50 Ind. 215. The local municipality has no such vested right in or to its public funds,

like that which the Constitution protects in the individual, as precludes legislative interference. People v. Power, 25 Ill. 187; State Board of Education v. City, 56 Miss. 518. As remarked by the supreme court of Maryland in Mayor v. Sehner, 37 Md. 180: "It is of the essence of such a corporation, that the government has the sole right as trustee of the public interest, at its own good will and pleasure, to inspect, regulate, control and direct the corporation, its funds, and franchises."

In the case at bar the division of the funds in question was not the act of the officers charged under the statute with the duty of making it, but the act of the legislature, and the division was made pursuant to its command. The officers are vested with no discretion in the matter, save that the division made must be equitable and just, for the statute reads that the funds "shall be divided." That the legislature had the authority to so direct, notwithstanding the fund in question was raised for a specific purpose, seems clear. It is also clear that the statute must be construed as including this fund. It directs that "all moneys, funds and credits" shall be divided, and we are not justified in reading into the act an exception for the purpose of excluding this particular fund. The statute is plain and unambiguous, and there is no reason for construing the same otherwise than in harmony with its express language. In any event it seems fairly reasonable that the legislature had in mind a situation like that here presented when this act was framed and enacted. Section 2677, G. S. 1913, provides that where school districts are divided the territory taken from an existing district shall remain liable to taxation for the payment of all bonded indebtedness of that district. It would be manifestly unfair and inequitable to permit the parent district to retain money, on hand at the time of division, realized from the sale of bonds, and compel the detached territory to submit to taxation for the payment of the same. If the detached territory must pay its ratable share of the debt, it should, when the money is in the treasury at the time of the separation, be awarded its proper share thereof. This situation was undoubtedly in the minds of the legislature when it made the provision for a division of the funds.

It follows, therefore, that the trial court erred in holding that this

fund was by the county board improperly included in the money divided. This disposes of the principal question in the case, and the other points do not require discussion. The statute directs that the division of the funds be just and equitable and necessarily there is vested in the county board a broad discretion in the determination of what will constitute such a division. With the exercise of this discretion the courts will interfere only when it appears to have been arbitrarily exercised or clearly abused. We discover nothing in the record before us to justify a conclusion of arbitrary action on the part of the county board, or of abuse of discretion, or that the commissioners adopted an erroneous basis for the division of the funds.

The judgment appealed from is therefore reversed with directions to cause judgment to be entered approving and confirming the action of the county board.

It is so ordered.