# IN THE MATTER OF THE PETITION OF JOHN J. JOHNSON, SIVER ERICKSON AND OTHERS.[1]

August 10, 1921.

No. 22,535.

**Appeal and error — appeal dismissed.**

On appeal from an order dismissing a writ to review the action of a county board in designating a certain highway as a state road and the action of the state commissioner of highways in consenting thereto, the only question presented was whether the board acted wisely and the commissioner acted wisely. *Held*: These questions are not judicial but purely legislative and are not reviewable by the court on certiorari. For that reason the appeal was dismissed.  [Reporter.]

Upon the relation of John G. Johnson and others the district court for Lyon county granted its writ of certiorari directed to the county board of that county to review the action of the board in designating a certain highway in that county as a state road and an order of the state commissioner of highways in consenting thereto. From an order dismissing the writ, Olson, J., relators appealed. The motion of the county of Lyon to dismiss the appeal was granted.

*Charles L. DeReu*, for relators.

*Rolland Mathews*, County Attorney, for respondent.

PER CURIAM.

The trial court issued a writ of certiorari to review the action of the county board of Lyon county in designating a certain highway in said county as a state road and also to review the order of the state commissioner of highways consenting to such designation. On the return the court discharged and dismissed the writ. The relators appeal. Respondents move to dismiss the appeal. The case is to be determined on the record made by the officers whose action is sought to be reviewed. State v. City of Duluth, 125 Minn. 425, 147 N. W. 820. On the record we see no question presented except the question whether the county board acted wisely in designating the road in question a state road and whether the commissioner of highways acted wisely in consenting to such designation. These questions are not judicial but purely legislative and are not reviewable by the court on certiorari.

See Sinclair v. Board of County Commissioners of Winona County, 23

[1]Reported in 184 N. W. 214.

Minn. 404, 23 Am. Rep. 694; Christlieb v. County of Hennepin, 41 Minn. 142, 42 N. W. 930; State v. Clough, 64 Minn. 378, 67 N. W. 202.

The appeal is therefore manifestly without merit and on that ground should be dismissed.

See Johnson v. St. Paul City Ry. Co. 68 Minn. 408, 71 N. W. 619; Kennedy v. Fidelity & Casualty Co. 100 Minn. 144, 110 N. W. 624.

Appeal dismissed.