SCHOOL DISTRICT NO. 13 OF ITASCA COUNTY v. SCHOOL
DISTRICT NO. 5 OF ITASCA COUNTY.[1]

January 7, 1927.

No. 25,686.

**Order of county board denying rehearing not reviewable in this action.**
1. The county board created district No. 13 out of territory there-tofore included in district No. 5 and denied an application for a rehearing. *Held* that the order denying a rehearing could not be reviewed in an action brought by the new district to recover its share of the funds in the treasury of the old district.

**Finding as to amount of state aid funds will not be disturbed.**
2. The determination of the amount of state aid funds in defendant's treasury made by the county auditor and acquiesced in by the parties and approved by the trial court will not be disturbed on the ground that the use of more complete data as the basis of computation would have made a slight difference in the final result.

**Interest allowed plaintiff.**
3. There was no substantial error in the amount of interest allowed plaintiff.

**No showing that defendant is entitled to share of taxes turned over to plaintiff.**
4. It was the duty of the county board to determine the respective rights of plaintiff and defendant in the taxes received under chapter 271, Laws of 1919, and, not having done so, the record fails to show that defendant is entitled to the share of these taxes turned over to plaintiff by the county officers.

Schools and School Districts, 35 Cyc. p. 855 n. 19.

Defendant appealed from a judgment of the district court for Itasca county, McClenahan, J. Affirmed.
*Alfred L. Thwing*, for appellant.
*Howard W. Anderson*, for respondent.

[1] Reported in 211 N. W. 832.

TAYLOR, C.

Plaintiff, known as School District No. 13 of Itasca County, was created on March 3, 1925, by the board of county commissioners of Itasca county out of territory theretofore included in defendant, known as School District No. 5, and March 28, 1925, was fixed as the date for the electors to meet and organize the new district. The order creating plaintiff district provided that defendant should forthwith pay to plaintiff

"One-half of all funds in the treasury, except State Aid funds; that State Aid funds in the treasury of District No. 5, and coming into said treasury this year, be divided, one-third to the new District No. 13, and two-thirds to the old District No. 5, and that all taxes collected or to be collected on the 1924 levy of School District No. 5 be paid to the treasurer of the district, wherein said taxes are collected. Each district shall have title to the school houses that are therein. All the outstanding bills of District No. 5 are to be paid before the division of funds herein provided for."

Plaintiff brought this action to recover from defendant the share of the school funds to which it claimed to be entitled under the above division made by the county board.

The court found that defendant had the sum of $8,967.19 in its treasury on March 3, 1925, of which $473.06 were state aid funds; that plaintiff was entitled to the sum of $4,404.74 as its share thereof under the order of the county board; that $1,000 thereof had been paid; and that plaintiff should have judgment for the remaining $3,404.74 thereof with interest thereon from March 3, 1925.

1. A considerable portion of the funds in defendant's treasury had been received as its share of the tax levied and collected under and pursuant to chapter 271, p. 282, Laws of 1919, and defendant claims that these funds ought to have been divided in the same proportion as the state aid funds. In an attempt to secure a change to this effect in the order of the county board, a petition to the board for a rehearing was filed August 27, 1925. Advised by the county attorney that the matter could not be reopened at

that time as the time for appealing had expired and the new district had already acted under the order and levied its taxes for the current year, the board rejected the petition on September 22, 1925. Defendant insists that under G. S. 1923, § 2788, it was the duty of the board to grant the rehearing. Whether that section applies to an order creating a new district and, if so, whether a rehearing may be had after the original order has become final by expiration of the time to appeal therefrom are not for consideration on this appeal, for the order of the board disposing of the petition presented to it is not void, and its action, whether right or wrong, cannot be reviewed in this suit. The original order remains in force and the right of the parties must be determined thereunder.

2. Defendant contends that the court should have found that the state aid funds in its treasury amounted to the sum of $557.98 instead of the sum of $473.06. Defendant had no records from which it could determine the amount of such funds in its treasury and its officers, or some of them, went to the deputy county auditor and asked her to figure out the amount from the auditor's records. Having no data from which she could compute the actual amount of such funds remaining in defendant's treasury, she took as the basis for the computation the amount of such funds received by defendant in the preceding year of 1924 and the amount of all other funds received by defendant in that year and computed the amount of state aid funds in the treasury on the theory that such funds bore the same proportion to all funds in the treasury that the state aid funds received in 1924 bore to all funds received in that year. She testified however that if the respective amounts received by defendant in the two preceding years of 1923 and 1924 were to be taken as the basis for computation, it would give the sum of $527.98 as the amount of state aid funds in defendant's treasury, as the respective amounts received by defendant in 1923 were much larger than those received in 1924. Defendant insists that, as the funds in the treasury exceeded the total amount received in 1924 by at least $5,000, the amounts received in the two preceding years should have been taken as the basis for the computation. Perhaps

the amount computed on that basis would have been nearer the actual amount, but it would have made a difference of only $14.15 in the total amount found to be due to plaintiff. So far as appears plaintiff had no part in this computation but merely accepted the result arrived at by the deputy auditor and defendant's clerk. As the amount could be ascertained only approximately, and the amount as computed by the deputy auditor seems to have been acquiesced in by all parties at the time, and the error, if any, was slight, we think there is no sufficient reason for disturbing the finding of the trial court.

3. A portion of the funds in defendant's treasury were represented by a certificate of deposit for the sum of $5,200 dated July 25, 1924, and payable July 25, 1925, with interest at the rate of four per centum per annum. This certificate was permitted to run until it matured .for the reason that by its terms it could not be cashed before due without waiving the interest. Defendant complains because the court allowed plaintiff its proportional part of the interest which accrued on this certificate from its date until March 3, 1925, the date of the order of the board apportioning the funds between the two districts. We see no reason for disturbing this finding.

4. Defendant also complains because the court allowed interest from March 3, 1925, upon the balance of $3,404.74 found due plaintiff, and urges that plaintiff had made no demand for payment and that there was no one to whom payment could have been made until the organization of the district by the election of officers on March 28, 1925. The order of the county board directed defendant to pay over plaintiff's share of the funds in the treasury forthwith and hence no demand was necessary. If it appeared that defendant had been ready and willing to turn over these funds and that the reason for not turning them over was because there was no one authorized to receive them, it would be in position to contest the allowance of interest. But defendant makes no claim that it attempted to pay, and contesting this action to enforce payment is persuasive that it was not ready or willing to do so. Defendant

also urges that it ought not to be charged interest at the rate of six per centum upon the entire amount due plaintiff for the reason that plaintiff was allowed its proportionate part of the interest which accrued prior to March 3, 1925, on the certificate of deposit which bore interest only at the rate of four per centum, and that it was necessary to permit this certificate to run until July 25, 1925, in order to obtain such interest. There is some force to this suggestion. But the sum of $1,000 paid to plaintiff by defendant on August 4, 1925, was deducted from the principal sum due plaintiff, and interest was computed only upon the balance thereof. Plaintiff was allowed no interest on this sum of $1,000 during the period that it was withheld and, as the interest to which plaintiff would be entitled upon this item would exceed the deduction to which defendant would be entitled on account of the rate borne by the certificate of deposit, we think that defendant has no substantial reason for complaining.

5. In the apportionments of taxes made in April and July, 1925, the county officers apportioned and paid over to district No. 13 the share of the tax collected under chapter 271, p. 282, Laws of 1919, represented by the school enrollments during the preceding year in the territory embraced in that district. Defendant interposed a counterclaim for the amount so paid to plaintiff, claiming to be entitled to it for the reason that the county board had made no division of the taxes to be received under that act. The order of the county board does not mention these taxes. But it does not follow from the fact that the order made no disposition of these taxes and contains no provision which applies to them that defendant is entitled to recover from plaintiff the share of such taxes turned over to the latter district by the county officials. The statute commanded the county board to "make a division of all moneys, funds and credits belonging to such districts." G. S. 1923, § 2774. This statute gave both districts an interest in the funds to be divided, and it was the duty of the county board to make a division of "all moneys, funds and credits," including this particular fund. State ex rel. School District No. 44 v. County Board

of Wright County, 126 Minn. 209, 148, N. W. 53. The county board doubtless intended to perform its full duty and probably did not have these taxes in mind when making its order. But, whatever the reason may have been, the fact remains that it took no action in respect to these particular taxes. It did not apportion them between the two districts; neither did it award them to defendant. And until it does one or the other we cannot say that plaintiff has received money which belongs to defendant.

The judgment is affirmed.