STATE EX REL. HUNTLEY SCHOOL DISTRICT NO. 4 JT.,
FARIBAULT COUNTY, v. DEAN M. SCHWEICKHARD
AND OTHERS.
COMMON SCHOOL DISTRICTS NOS. 27, 20, 5, AND 3,
FARIBAULT COUNTY, RESPONDENTS.[1]

January 5, 1951.

Nos. 35,296, 35,297, 35,298, 35,299.

. Seifert, Krahmer & Johnson, for appellant.
. O. S. Vesta, for respondents.

[1]Reported in 45 N. W. (2d) 657.

MAGNEY, JUSTICE.

This appeal arises from proceedings taken pursuant to L. 1947, c. 421, as amended by L. 1949, c. 666, now M. S. A. 122.40 to 122.57, which provides for the reorganization of school districts in this state. Under that statute (M. S. A. 122.42, 122.43), the school boards of a county may elect and establish a committee to make a survey of the school districts of the county with a view to reorganization. Such a committee was elected in Faribault county. After making a study of the school situation in the county, the committee submitted a tentative report. After hearings on the tentative report, the committee drafted and submitted a final report recommending division of Faribault county into ten high school districts, outlining each district. One of these proposed districts was Huntley School District No. 4 Jt., appellant herein. After the final report had been filed, Common School Districts Nos. 3, 5, 20 Jt., and 27, which had been assigned to the Huntley district, each appealed for reassignment to the state advisory commission on school reorganization, which had been created by § 122.49. They gave reasons why they were dissatisfied with their allocation. A board of appeal composed of five members, not residents of Faribault county, was then selected by the state commission, all in compliance with the statute, to hear the appeals. The board held a hearing. All testimony was given under oath and a record made. The board thereupon made findings of fact and conclusions of law. By its decision, the board removed all four appealing common school districts from the proposed Huntley district and assigned three of them to the Winnebago district and the fourth to the Blue Earth district. The Huntley district was dissatisfied with the decision. Since the school district reorganization act makes no provision for appeal from the decision of the board of appeal, the Huntley district sought review of the board's action by writs of certiorari in the district court of Faribault county. After the issuance of the writs, school districts Nos. 3, 5, 20 Jt., and 27 each moved the district court for an order quashing and dismissing the writs.

The motions were granted. From those orders, the Huntley district appealed. All four appeals are consolidated for hearing in this court.

Only one question is presented for our determination, and that is whether a decision made by a board of appeal appointed pursuant to § 122.48 is reviewable by certiorari.

This court has confined the scope of the writ of certiorari to the review of proceedings either judicial or quasi-judicial in character. It is not available to review legislative or purely ministerial acts of administrative agencies or officers. In re Wilson, 32 Minn. 145, 19 N. W. 723; Lemont v. County of Dodge, 39 Minn. 385, 40 N. W. 359; Christlieb v. County of Hennepin, 41 Minn. 142, 42 N. W. 930. Thus, whether the action of the board of appeal is reviewable by certiorari ultimately resolves itself into the question whether the board acted in a legislative or in a judicial or quasi-judicial capacity when it modified the final report of the county survey committee.

The earliest and leading case involving this question is In re Wilson, 32 Minn. 145, 151, 19 N. W. 723, 726, where Mr. Justice Mitchell pointed out:

"* * * in every case * * * where a court has assumed the right to review the acts of municipal officers on *certiorari,* either the act itself was judicial in its nature, or else its validity was involved in judicial proceedings which were the subject of review."

As belonging to the class of acts judicial and quasi-judicial in nature, he defined those (32 Minn. 150, 19 N. W. 726)—

"which, both from the nature of the acts themselves and their effect upon the rights of property of the citizen, bear a close analogy to the acts of courts, * * *."

He conceded that "The courts are not always agreed as to what acts are judicial" and that some "have gone a great length in holding certain acts judicial, which, on principle, it would be very difficult to place under that head." He repudiated the notion

that an administrative act was judicial merely because it called for discretion, when he stated (32 Minn. 152, 19 N. W. 727): "Every legislative act calls for the exercise of discretion as to its expediency and propriety."

In later cases, in opinions also written by Mr. Justice Mitchell, this court held that the actions of the county commissioners in the creation of new towns, the formation of new school districts, and the detachment of county territory, being legislative and not judicial in their nature, cannot be reviewed by certiorari. Christlieb v. County of Hennepin, 41 Minn. 142, 42 N. W. 930; Lemont v. County of Dodge, 39 Minn. 385, 40 N. W. 359; cf. State ex rel. Hardy v. Clough, 64 Minn. 378, 67 N. W. 202. In the Hardy case it is stated (64 Minn. 380, 67 N. W. 203):

"* * * Neither does it render an act judicial in its nature because it, in a general sense, affects the relator's interests in common with those of other members of the public. It is difficult to conceive of any legislative or executive act which does not in this way affect the interests of every member of the community. To render the proceedings of special tribunals, commissioners, or municipal officers judicial in their nature, they must affect the rights or property of the citizen in a manner analogous to that in which they are affected by the proceedings of courts acting judicially."

The law of the above cases was followed in State ex rel. Board of Co. Commrs. v. Dunn, 86 Minn. 301, 90 N. W. 772; Minnesota Sugar Co. v. Iverson, 91 Minn. 30, 97 N. W. 454; State ex rel. School Dist. No. 44 v. County Board, 126 Minn. 209, 148 N. W. 53; State ex rel. Minikus v. City Council, 167 Minn. 307, 209 N. W. 3; In re Petition of Johnson, 150 Minn. 524, 184 N. W. 214.

In view of previous decisions of this court, particularly the two cases holding the action of county boards in forming new school districts (Lemont v. County of Dodge, 39 Minn. 385, 40 N. W. 359, and Moede v. County of Stearns, 43 Minn. 312, 45

N. W. 435) to be legislative in nature, it seems clear that the action of the board of appeal in this case was legislative and hence not reviewable by certiorari. If a county board does not act judicially in creating new school districts, a board of appeal such as the one here involved, which only modifies a recommended plan for formation of new school districts, certainly does not act judicially. The board of appeal is not attempting to organize school districts. It considers only the facts in the case and renders a decision of recommendation. The law providing for the creation of the survey committee and the board of appeal clearly did not give them authority to establish legal rights, nor did they in their actions establish any legal rights. The survey committee has the power "To study the school districts of the county * * * for the purpose of *recommending* * * *." (Italics supplied.) § 122.46. The statute provides: "It shall be the duty of such board of appeal to consider the facts in the case and to render a decision." § 122.48. After a decision by the board of appeal, the survey committee only makes "changes necessary to incorporate the findings of the board of appeal in *the proposal which is to be submitted to the voters.*" (Italics supplied.) § 122.48.

We see no material difference in the powers of the board of appeal and those of the survey committee. Both deal with the matter of adoption of a plan for reorganization to be submitted to the voters. Neither has the power to create a school district, a power possessed by the board of county commissioners. They simply recommend that school districts containing certain areas specified for each district be formed. No legal rights are therefore established until the voters of the county have adopted the proposed reorganization by a majority vote and the county superintendent has issued proper orders to give effect to such vote. § 122.52. Whatever rights are established, they are established by the voters. In our opinion, the action of the court below was correct.

Orders affirmed.