**David A. NICHOLS, Appellant,**

v.

**Richard BORST, et al., as individuals and as trustees of the Bloomington Fire Department Relief Association; and the Bloomington Fire Department, Respondents.**

Nos. C4–88–2352, C7–88–2538.

Court of Appeals of Minnesota.

May 16, 1989.

Robert J. Travers, James A. Jorgensen, Glendenning, Jorgensen & Travers, St. Paul, for appellant.

Joseph B. Nierenberg, Messerli & Kramer, Minneapolis, for respondents.

Heard, considered and decided by SHORT, P.J. and RANDALL and KALITOWSKI, JJ.

## OPINION

RANDALL, Judge.

This is an appeal from district court dismissing the claim of appellant David A. Nichols for lack of subject matter jurisdiction. The trial court concluded the governmental administrative status of the Bloomington Fire Department Relief Association placed certiorari jurisdiction in the court of appeals. We affirm.

## FACTS

Appellant was a firefighter with the voluntary fire department for the city of Bloomington. He joined the department in 1967 and sometime later, became a member of the Bloomington Fire Department Relief Association (BFDRA). BFDRA provides, inter alia, service pensions, disability benefits and survivors' benefits.

In August 1986, appellant was injured at his regular employment. He was diagnosed as having a fractured sacrum and contusion of his spinal cord. BFDRA resolved to provide appellant disability benefits beginning August 21, 1986.

In July 1987, BFDRA appointed Joseph M. Tambornino, M.D. to examine appellant. In a letter of July 24, 1987, Dr. Tambornino opined that appellant could return to his previous work without specific restriction. As a result of Dr. Tambornino's opinion, the Bloomington Fire Department notified appellant he was returned to active status immediately with possible assignment to a

light duty position. The light duty position required performance of such necessary tasks as dispatching equipment, processing paperwork, and preparing and maintaining equipment. Performing the duties of this position complied with the August 18, 1987, recommendation of appellant's physician that appellant lift no more than 10 pounds, engage in no repetitive movements of his legs and do no bending, twisting or stooping.

On August 25, 1987, BFDRA's board of trustees reviewed appellant's case. Appellant was present with his attorney, and both offered argument. The board evaluated the physicians' opinions, appellant's testimony and the fire department's decision to place appellant on light duty assignment. Based upon their evaluation, the board terminated disability benefits as of the date appellant returned to active status. Appellant was properly notified he would remain on light duty status and benefits would terminate.

In March 1988, appellant commenced an action in district court seeking from respondent and others declaratory relief and monetary damages for failure to pay disability benefits and attorney fees. The trial court granted BFDRA's motion to dismiss for lack of subject matter jurisdiction.

## ISSUE

Did the trial court correctly find that a writ of certiorari to the Minnesota Court of Appeals, rather than an original action in district court, was the proper method of reviewing a decision by the BFDRA board of trustees relative to a claim for disability benefits?

## ANALYSIS

### I.

*Quasi–Judicial Action*

"[Q]uestions of civil procedure are questions of law and this court need not defer to the conclusions of law drawn by the trial court from undisputed facts." *Wilkie v. Allied Van Lines, Inc.*, 398 N.W.2d 607, 610 (Minn.Ct.App.1986).

"[C]ertiorari is properly used only to review quasi-judicial issues." *Honn v. City of Coon Rapids*, 313 N.W.2d 409, 414 (Minn.1981). BFDRA acted in a quasi-judicial capacity when reviewing appellant's claim for reinstatement of disability benefits. *Fassbinder v. Minneapolis Fire Department Relief Association*, 254 N.W.2d 363, 370 (Minn.1977) (MFDRA's board of trustees acts in quasi-judicial capacity when passing on applicants' claims); *see also Stevens v. Minneapolis Fire Department Relief Association*, 124 Minn. 381, 385, 145 N.W. 35, 36 (1914) (association acts in at least quasi-judicial capacity when evaluating claims for benefits). There is no statutory provision for judicial review of BFDRA's proceedings. It is, therefore, established that judicial review is obtained by writ of certiorari issued pursuant to Minn. Stat. § 606.01 (1986). *Bahr v. City of Litchfield*, 420 N.W.2d 604, 606 (Minn. 1988).

Appellant contends, however, that BFDRA created a light duty position and excepted it from total disability, an invalid legislative act not properly reviewable by certiorari. *State ex rel. Huntley School District No. 4 JT. v. Schweickhard*, 232 Minn. 342, 344, 45 N.W.2d 657, 658 (1951). Thus, according to appellant, he can bring an action in district court.

The relationship between appellant and respondent is contractual in nature, the contract consisting of relevant statutes and BFDRA articles and bylaws. *Fassbinder*, 254 N.W.2d at 366. Minn.Stat. § 424.17 (1986) requires each relief association to define disability in its bylaws. BFDRA's bylaws, Article II, section 3, stipulate that total disability occurs when, in the opinion of a board-appointed physician, the applicant is unable to perform duties of a fireman. Here, Dr. Tambornino, the board-appointed physician, found appellant could return to work without restriction. According to the bylaws, then, appellant was no longer totally disabled, and no longer eligible to receive disability benefits. We find the board of trustees acted quasi-judicially in determining appellant's claim within the

parties' contract. Appeal by writ of certiorari to this court would have been proper.

## II

### *Administrative Nature of BFDRA*

Minn.Stat. § 424A.001, subd. 4 (1986) provides:

[a] relief association is a governmental entity that receives and manages public money to provide retirement benefits for individuals providing the governmental services of firefighting and emergency first response.

Management of funds and benefits paid by BFDRA are highly regulated by statute.

In *Fassbinder*, the supreme court stated, "analogizing the board to an administrative agency seems apt." *Fassbinder*, 254 N.W. 2d at 368. Additionally, disability claim determination by the Minneapolis Fire Department Relief Association (MFDRA) board, unless final and conclusive by contract stipulation, may be reviewed only for arbitrariness. *Stevens*, 124 at 385, 145 N.W. at 36.

MFDRA, like BFDRA, is closely regulated by statute and provides similar benefits. We conclude, therefore, the BFDRA board of trustees acted in the nature of an administrative agency when it reviewed appellant's claim for disability benefits.

Minn.Stat. § 480A.06, subd. 3 (1986) provides that "[t]he court of appeals shall have jurisdiction to issue writs of certiorari to all agencies, public corporations and public officials." The statute's failure to expressly include relief associations acting as an agency is not fatal to this court's certiorari review. *See Strand v. Special School District No. 1*, 392 N.W.2d 881, 883 (Minn. 1986). The court of appeals has been "generally substituted * * * for the district court in those areas in which the latter court acted in an appellate capacity." *Id.* Moreover, there is no express language vesting judicial review in the district court. *Cf. White Bear Rod and Gun Club v. City of Hugo*, 388 N.W.2d 739 (Minn.1986). Therefore, we hold the statutory language and the intent of the legislature vested judicial review of quasi-judicial decisions by the BFDRA's board of trustees exclusively in the court of appeals.[1]

## DECISION

The BFDRA board of trustees acted in the nature of an administrative agency and quasi-judicially when it reviewed appellant's claim for disability benefits. Therefore, writ of certiorari issued by the Court of Appeals was the appropriate method of review.

Affirmed.

---

1. A special term order dated February 21, 1989, and issued by this court in *Hansen v. Bloomington Fire Department* discharged writ of certiorari and dismissed an appeal to review a fire department decision terminating employment of one member. This court remanded the matter to the district court for development of a record. *Hansen* is distinguishable from the facts here. In *Hansen,* a termination decision was made by a simple vote of the fire department membership body. There, a fire department, acting to determine membership qualifications, was acting in a legislative capacity. Here, the relief association, which, as noted, handles public money and is highly regulated by statute, was acting in a quasi-judicial capacity and, thus, the distinction for one appealing an adverse ruling.