BARBARA SCOTT, PLAINTIFF IN ERROR, v. THE MAYOR AND ALDERMEN OF JERSEY CITY, DEFENDANTS IN ERROR.

Argued December 8, 1902—Decided March 2, 1903.

By the second section of an act entitled "An act for the pensioning of firemen in certain cities of this state" (*Pamph. L.* 1897, *p.* 263), it is enacted that "if any officer or man permanently employed in any fire department in any such city shall be fatally injured while in the performance of, or attempting to discharge, his duties, such municipal board shall allow the widow, if there be any, * * * an annual pension equal to one-half the salary received by such officer or man at the time of his death, to be paid to such widow during her widowhood." A member of a paid fire department in one of such cities, whose entire time was devoted to the duties of his office, which consisted of work in the fire-house, upon the hose and apparatus and in fighting fires, was killed by falling from a trolley car while on his way from the fire-house to his home in the city during one of the hours set apart by the commanding officer for the taking of meals. His widow brought suit against the city under the above section to recover a year's pension. At the close of the trial the court directed a verdict for defendant, one of the grounds being that the deceased was not engaged in the performance of his duty within the meaning of the act. Upon reference to the first section of the act, it appeared that a like pension was awarded to a fireman whose duty required active service in the extinguishment of fires and who should become incapacitated for further duty as a result of injury received in the discharge of, or attempt to discharge, such duty. It was held, on review, that the two sections should be read together in construing the second section, and that it clearly appeared that deceased was not, at the time of his death, engaged in the performance of his duties within the meaning of the act, and that there was no error in the direction of the verdict.

On error to the Supreme Court.

For the plaintiff in error, *Riker & Riker.*

For the defendants in error, *John W. Queen.*

The opinion of the court was delivered by

HENDRICKSON, J. The plaintiff in error brought suit against the defendant city to recover the amount of an annual pen-

sion, which she claimed to be due her upon the death of her husband while serving as a hoseman of engine company No. 1 in the fire department of Jersey City. The action was based upon the second section of an act entitled "An act providing for the pensioning of firemen in certain cities of this state" (*Pamph. L.* 1897, *p.* 263), which reads as follows: "If any officer or man permanently employed in any fire department in any such city shall be fatally injured while in the performance of, or attempting to discharge, his duties, such municipal board shall allow the widow, if there be any, * * * an annual pension equal to one-half the salary received by such officer or man at the time of his death, to be paid to such widow during her widowhood."

The plaintiff's husband became a member of the fire department, which was a paid one, on January 26th, 1899. He was permanently employed in the fire department from that time until March 14th, 1899, when he fell from a trolley car, in that city, while on his way home from the fire-house of the company to take supper with his family, receiving injuries from the effect of which he died the next day.

At the close of the plaintiff's case motion was made to direct a verdict for the defendant, on the following grounds: *First,* because the deceased was not, at the time of his fatal injury, in the performance of, or attempt to discharge, his duty as a fireman, as contemplated by the act in question; *second,* because the act was unconstitutional, in that it was special, and also its object was not expressed in its title; *third,* because the act was not mandatory, and the city had not, by ordinance, provided for such a pension under the act.

The learned trial judge granted the motion, and directed a verdict for the defendant. To this ruling exception was allowed and sealed, and error has been assigned thereon.

Our first inquiry will be whether the first ground of the motion should be sustained. The defendant's contention is that, in order to recover under this act, it must appear that the death occurred while the fireman was actively engaged in the performance of, or attempt to discharge, the duty of extinguishing fires. The contention in behalf of the plaintiff

is that the act has a broader meaning, and extends to a death which occurs while the member is performing any of his duties required by the act or by the regulations of the department.

The plaintiff produced in evidence the rules and regulations of the department, from which it appeared that its officers and employes were required to devote their entire time to the interests of the department; that, for the purpose of getting meals, no more than three separate hours daily may be allowed to each officer and member, except that, by special permission of the proper officer, two leaves of one and one-half hour each may be allowed in lieu thereof; and that the commanding officer must see that members obtain their meals as regularly as circumstances will permit. There was other evidence submitted tending to prove that the duties of the deceased member were to do his share of the work around the house, such as cleaning up the hose and apparatus, and work at fires; that he was always on duty; that his hour for supper set apart on that day was between seven and eight o'clock; that the meal hours were so arranged that four men could be kept on duty at all times; that, during absence for meals, the members must carry a key to the nearest alarm-box and send in an alarm in case of a fire, and to go to the fires, if any should break out; that, on the day of the accident, the deceased was dressed in the uniform of the department.

Upon this evidence it was contended that the deceased member was engaged in the performance of his duty at the time of his fatal injury, within the meaning of the act, and that the plaintiff had established her case. Assuming, as we may, that the regulations of the department were duly authorized by the city charter, and looking at the second section alone, there might be some doubt as to the true solution of the question thus raised. But, according to a well-established canon of construction, when one part of a statute is obscure, we are permitted to look at the other parts of the same statute and compare them with the former in reaching a conclusion as to its true meaning. *Attorney-General* v. *Sillem,* 2 *Hurlst. & C.* 515; 1 *Bl. Com.* 60; *Bac. Abr. (tit. "Statutes")* 1, 2;

*State* v. *Paterson,* 6 *Vroom* 196; 23 *Am. & Eng. Encycl. L.* 306.

Referring to section 1 of the act under consideration we find that the municpal board having charge of said fire department are authorized to "retire from service any officer or man permanently employed in such department, whose duty requires active service in the extinguishment of fires, who shall have become, or shall hereafter become, incapacitated, either mentally or physically, for the performance of such duty, whenever such incapacity is, or shall be, the result of injury received or sickness contracted in the discharge of, or attempt to discharge, such duty." And the person so retired is awarded the same pension as that awarded under the second section. And reading these two sections in conjunction it seems quite clear that what the legislature intended was that the principle upon which the municipal body was to dispense its bounty should be the same under both sections, and that was the recognition of the extra hazard that came to its members while discharging, or attempting to discharge, the duties required in the active service of extinguishing fires. This construction is in harmony, also, with the reason and spirit of the law, which manifestly was to reward fidelity and encourage the firemen to heroic efforts in protecting the cities from the destructive element of fire.

A number of cases have been called to our attention in the argument which have arisen in the administration of the pension laws, which award pensions to soldiers or their representatives where they have been injured or killed while "in the line of duty." And in one of these cases the soldier, who had been thus injured while going or coming between the captain's headquarters in a village and their homes, under orders of the captain, was held to have been "in the line of his duty" within the meaning of the act. *Heacock's Case,* 4 *Dec. Dept. Int. Pens.* 160. But these cases have very slight bearing here, where, as we have seen, properly interpreted, the duty is defined as one performed in the active service in extinguishing fires.

And we must also have regard to the fact that these deci-

sions are made by the pension bureau, which is not a court, and whose officers are not invested with judicial functions. *In re McLean,* 37 *Fed. Rep.* 648.

The conclusion reached is that the plaintiff's husband was not engaged in the performance of, or attempt to discharge, his duty as such fireman at the time of his fatal injury, and that for this reason the trial judge committed no error in directing a verdict.

It is therefore unnecessary to examine the other grounds for the motion.

The result is that the judgment below is affirmed.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, VAN SYCKEL, DIXON, GARRETSON, HENDRICKSON, PITNEY, VREDENBURGH, VOORHEES, VROOM.   10.

*For reversal*—None.