STATE EX REL. JOHNSON, Appellant, vs. BOARD OF TRUSTEES OF THE FIREMEN'S PENSION FUND OF THE CITY OF MADISON, Respondent.

*October 9—November 4, 1919.*

*Municipal corporations: Fireman's pension on retirement because of disease.*

In view of secs. 959—46*m* and 959—46*n*, Stats., the legislative intention, under sec. 959—46*l*, was to exclude from the right to a pension any member of a fire department who must be permanently retired prior to twenty-two years of service because of a disability or disease which is not so contracted that it can properly be said to have some causal connection with his line of duty as a fireman.

APPEAL from an order of the superior court of Dane county: AUGUST C. HOPPMANN, Judge. *Affirmed.*

The appeal is from an order quashing an alternative writ of *mandamus.*

The relator entered the service of the city of Madison as fireman in 1902, continuing therein and to contribute to the firemen's pension fund as provided by law until September, 1918. The fire and police commissioners of said city then notified him that he had been retired from the fire department as of August 30th, and advised him to make application to the pension board for a pension. He petitioned the trustees of such fund for a pension on the ground that he had

become permanently disabled from performing his duties as such fireman and that he had been retired from service by reason of such disability.

Pursuant to the provisions of the law he was examined by Dr. Evans in December, 1918, who reported as follows:

"1. *Ovey Johnson* is physically permanently disabled so as to render necessary his retirement from service of the fire department, the cause of disability being arteriosclerosis, fibroid myocarditis and hypertension (hardening of the arteries), inflammation of the heart muscle, and high blood pressure.

"2. Such disability was not directly caused by duty as a fireman, though such duty may have been a factor in the rapid progress and early development of changes in the heart and blood vessels, which are more frequently seen at a later period of life."

The statute under which relator claims is as follows:

"Section 959—46*l*. If any member of a fire department, while contributing to any such fund, shall, while engaged in the performance of his duty as such fireman, be injured or disabled, and found upon an examination by a duly licensed physician ordered by said board, to be physically or mentally permanently disabled so as to render necessary his retirement from service in such department, such board shall retire such disabled member from service, and upon said retirement the said board shall order payment to such retired member, monthly, from such pension fund, a sum equal to one half of the monthly compensation allowed such member as salary at the date of his injury or disability. And if any such member, disabled to the extent and under the conditions aforesaid, be thereafter discharged, such member shall receive a pension according to the above provisions."

The defendant *Board of Trustees* moved the court below to quash the alternative writ for the reason that neither the petition therefor nor said alternative writ states facts showing the relator entitled to a writ of *mandamus* as prayed.

Upon hearing such motion was granted, and from the order quashing the alternative writ the relator appealed.

The cause was submitted for the appellant on the brief of *Rufus B. Smith* of Madison, and for the respondent on that of *William Ryan* of Madison.

ESCHWEILER, J.    The only question involved is whether or not the disease or disability for which the relator was retired from service as a fireman must under the law be of such a nature that it can be said there was a causal connection between his service or duty as such fireman and the disability.    In other words, that it occurred because he was a fireman rather than merely while he was a fireman.

By sec. 959—46*m,* Stats., provision is made for an allowance from the same pension fund to any member of such fire department who shall, "while in the performance of his duty, be killed, or die as the result of any injury received in the line of his duty, or any disease contracted by reason of his occupation," and also a further provision that in case he shall die from any cause whatever after ten years of service and leaving certain specified dependents, then relief shall be granted them.

By sec. 959—46*n,* Stats., provision is made for a pension upon retirement by any member of the fire department after twenty-two years of service.

Were the question here involved to be disposed of upon the grammatical texture of sec. 959—46*l,* quoted above, there would be considerable force to the relator's contention that the expressions, "while contributing to any such fund," and "while engaged in the performance of his duty as such fireman," in the second and third lines of such section, merely define two concurrent periods of time within which, when disabling injury occurred, the fireman becomes entitled to a pension, namely, that it must occur during a period of time within which he both contributed to the pension fund and acted as fireman, thereby giving the word "while" the same meaning in each of the above quoted phrases.

A consideration, however, of the pension fund law as an

entirety and therefore the provision here involved in connection with the other provisions of the statute, disclosing that the legislature provided for a pension to the member upon retirement from any cause whatsoever after twenty-two years of service; for relief to his dependents after his death from any cause whatever after ten years' service; for relief to such dependents after death of such member at any time during such service in the performance of his duty as the result of any injury received in the line of his duty, or disease contracted by reason of his occupation, constrains us to hold that the legislative intention was to exclude from the right to a pension any one who must be permanently retired prior to twenty-two years of service by reason of a disability or disease which is not so contracted that it can properly be said to have some causal connection with his line of duty as such fireman.　　This is the construction which has been given to similar laws in other jurisdictions.　*Hutchens v. Covert,* 39 Ind. App. 382, 78 N. E. 1061; *Scott v. Jersey City,* 68 N. J. Law, 687, 54 Atl. 441.

There appearing to be no causal connection between his prior duty and service as a fireman and the unfortunate condition in which the relator has been placed, he cannot be held to be within the provision of the statute upon which he relied.

*By the Court.*—Order affirmed.