## JOSEPH H. RENZ v. HIBBING FIREMEN'S RELIEF ASSOCIATION.[1]

June 24, 1932.

No. 28,898.

[1]Reported in 243 N. W. 713.

*I. R. Galob,* for appellant.

*Gannon, Strizich & Klcffman,* for respondent.

WILSON, C. J.

Defendant appealed from an order denying its alternative motion for judgment non obstante or a new trial.

In 1912, while in good health, plaintiff was employed by the village of Hibbing as a member of its fire department. He served 14 years. He was a charter member of defendant relief association organized in 1914 and was a member in good standing until October, 1929. He paid his dues regularly. In 1926 he was placed on the pension roll and granted a pension of $40 per month. His application for pension gave the cause of disability as chronic heart disease, and defendant's doctor certified the disability as chronic heart disease and chronic cystitis. The application was made upon a form provided by the defendant.

On April 6, 1927, the board of trustees of defendant association reduced the pension to $15 per month. On November 7, 1929, the trustees took this action:

"Motion moved and seconded that the pensions of William King, Joseph Renz, James Hurley and Edward Nicholson be revoked and their names stricken from the pension roll. That their claims for pension will become null and void, unless they prove their legality to a pension within a period of sixty days. Motion carried."

Plaintiff made no effort to prove the validity of his pension but later instituted this action to recover on the theory that there had been no reduction or revocation of the pension.

In the answer defendant invoked art. 10, § 2, of its by-laws, which reads as follows:

"Should any person who is a member of the association and in the service of the fire department become permanently disabled and be adjudged by competent authorities to be permanently disabled and wholly incapacitated from service in the fire department, by reason of sickness or injuries incurred or received by him while in the service of the fire department, provided such sickness or injury is not the result of immoral habits or practices, he may be retired and paid the sum of $40 per month as a pension, upon a majority vote of the board of trustees, provided that such member makes application for such retirement and pension, and provided that the board of trustees shall have power to wholly revoke and annul the same whenever the physical condition which was the cause of the pensioning of such member no longer exists."

It was the claim of the defendant that plaintiff's heart trouble had no causal connection with the "service in the fire department."

The trial court directed a verdict for the plaintiff for the full amount of his claim.

■ The defendant determined that the plaintiff was entitled to a pension. In making the application for the pension the burden was upon the plaintiff. He met that burden and proved the statutory and by-law requirements to entitle him to the pension. He thereby acquired the vested rights which could not be taken away from him without giving him an opportunity to be heard. Stevens v. Minneapolis F. D. R. Assn. 124 Minn. 381, 145 N. W. 35, 50 L.R.A. (N.S.) 1018.

The defendant did not give the plaintiff an opportunity to be heard, but on the contrary assumed to revoke the pension and further assumed to put the burden upon the plaintiff to prove the validity of his pension. He had proved the validity of that pension, and when the defendant undertook to revoke that pension the burden was upon it to show that plaintiff was not entitled to the pension. The plaintiff was entitled to be heard in opposition to the defendant's effort so to terminate the pension. The conditions previously

established were presumed to exist until defendant offered evidence to remove the presumption and to establish its claim of right to terminate the pension. Upon the trial of the case the defendant made no effort to meet its burden by proving that there had been any change in condition; and indeed the defendant did not upon its own theory make any effort to prove that plaintiff's heart trouble had no causal connection with his "service in the fire department." A physician called by the plaintiff testified that he examined the plaintiff in August, 1927, and found chronic heart disease, hardening of the arteries, a disturbance of vision, and rheumatic condition in the shoulders, and that he showed evidence of rather hard usage incident to an active life. That he found evidences of a man in a run-down, degenerated condition, and the history disclosed that he had been involved in several large fires, that he was disabled and incapacitated for doing manual labor, and in the opinion of the doctor the conditions found might well have resulted from the 14 years of service in the fire department. Defendant failed to show that plaintiff was not entitled to the pension. Under the circumstances a verdict was properly directed.

Defendant not pleading fraud undertook to impeach its own records by offering to prove that plaintiff's pension was wrongfully given as an act of charity and not for the meritorious grounds stated in the application upon which the pension was granted. The offer was excluded upon the theory that it must be presumed that the pension was granted upon the ground stated in the application and the complete record. The attempted revocation being futile for want of notice, the offer was immaterial and we need not consider the merits of defendant's claim in the offer.

■ The briefs and oral arguments have presented the question as to whether or not a fireman may be awarded such a pension for disability occasioned by sickness that has no causal connection with the "service in the fire department," defendant claiming that plaintiff's ailment has no such connection.

In State ex rel. Johnson v. Board of Trustees, 170 Wis. 154, 174 N. W. 465, the court held that there must be a causal connection.

The sickness there involved was much the same as plaintiff's affliction. The Wisconsin statute provides [Wis. St. 1919, § 959-46*l*]:

"If any member of a fire department * * * shall, while engaged in the performance of his duty as such fireman, be injured or disabled, * * *" he may be given a pension.

The court held that the pension could not be granted unless the disability had a causal connection with the fireman's line of duty as such.

In Scott v. Jersey City, 68 N. J. L. 687, 54 A. 441, a fireman was injured in falling from a trolley car while on his way home from the firehouse of the company to take supper with his family. The award was denied because the statute required that the injury be suffered while in the performance of or attempting to discharge his duties.

The subject is interestingly and ably discussed in State ex rel. King v. Board of Trustees, 192 Mo. App. 583, 184 S. W. 929, 188 S. W. 239, and the rules of construction therein announced are quite applicable to the present case.

In Tripp v. Board of F. & P. P. Commrs. 94 Cal. App. 720, 723, 271 P. 795, 796, the city ordinance provided a pension for firemen who "shall become physically disabled by reason of bodily injury received in, or by reason of sickness caused by, the discharge of the duties of such person." The plaintiff was exposed to smallpox in 1924 because it was in the neighborhood of the firehouse. He was subjected to influenza in 1925 and again in 1927. But his proof failed to bring him within the requirements of the ordinance.

Statutes of this character generally require a causal connection between the disability and the work. Such a pension usually contemplates disaster directly resulting from the service. Our attention has not been called to any statute not containing this element. Such is the spirit of the by-law enacted by the defendant as hereinbefore set forth. Such statutes as a rule do not create a system of insurance but aim to protect against the hazards to which firemen as such are exposed.

Our statute governing the subject is found in G. S. 1923 (1 Mason, 1927) §§ 3723-3752. After providing a means by which money is raised, it is said in § 3726 that the funds are to be disbursed only for the following purposes:

"(1) For the relief of sick, injured or disabled members of such fire department, their widows and orphans.

"(2) For the equipment and maintenance of such department and for construction, acquisition or repair of buildings, rooms and premises for fire department use or otherwise."

The argument has been advanced by the respondent that the foregoing provision authorized the pension in this case. We think not. The source of authority for this pension must be found in § 3728, where it is said:

"Every fire department relief association organized under any laws of this state, whenever its certificate of incorporation or by-laws so provide, may pay out of any funds received from the state, or other source, a service pension, in such amount, not exceeding forty dollars ($40.00) per month, as hereinafter authorized, or as may be provided by its by-laws, to each of its members," etc.

Pursuant to this authority the defendant has enacted its by-laws, including art. 10, § 2, thereof hereinbefore mentioned.

The defendant by this by-law has provided, as the statutes in the cases hereinbefore cited, that there must be a causal connection between the sickness or injury and the "service in the fire department."

Section 3729 of the statute provides that "pensions or financial aid shall be paid to each member of any regularly organized volunteer fire department existing in any city, village, borough, or town in this state, excepting cities of the first class, who may after the passage of this act be permanently injured while in the performance of his duties as such fireman," etc. Furthermore, by § 3730 it is provided:

"(a) For total permanent disability.

"(b) For partial permanent disability.

"(c) For death from any cause resulting to such fireman injured in the performance of his duties.

"(d) For death from any cause resulting to such fireman injured in the performance of his duties.

"(e) For death from any cause resulting to such fireman injured in the performance of his duties." etc.

In § 3741 it is provided that such funds may be disbursed only for the following purposes, viz:

"First—For the relief of sick, injured and disabled members of any fire department in such city, and their widows and orphans.

"Second—For the payment of pensions pursuant to the provisions of sections 3729 and 3730."

It is to be noted that the statute does not specifically and directly provide for the payment of pensions to those who become incapacitated by reason of sickness. It would seem therefore, as above indicated, that defendant's power and authority to provide such a pension as awarded to plaintiff is found in § 3728.

We are of the opinion that it is the general policy of our statute, which apparently has been adopted by the defendant in the making of its by-laws, that injuries or sickness which permit the granting of a pension by the defendant must have a causal connection with the "service in the fire department." It would be rather an anomalous situation to have pensions created and paid by virtue of §§ 3729 and 3730, which are limited to disabilities arising while the fireman is in the performance of his duties, and then to say that we have other disabilities, such as sickness, which authorize the award of a pension though the sickness has no causal connection with the "service in the fire department." Otherwise it would be sufficient for the fireman to become afflicted with disability while a member of the fire department. The meaning of the word "service" is to be determined from the context. It was apparently used in the by-law as meaning the same as the words "in the performance of his duties as such fireman" used in the statute. It was also apparently used in accordance with the spirit of the statutes generally and of those mentioned in the cases hereinbefore cited. We think from the con-

text of our statute and the by-law and from the context of similar statutes generally and the adjudicated cases that the word "service" indicates the labors, duties, and things to be done by a fireman as such. We do not believe that the legislature ever intended by § 3728 to authorize the defendant to give a pension to anyone unless there was a causal connection between the disability and the service. The limitations which we find in §§ 3729 and 3730 preclude the thought that the legislature ever intended to extend such unlimited authority to the defendant. State ex rel. King v. Board of Trustees, 192 Mo. App. 583, 184 S. W. 929, 188 S. W. 239.

We are of the opinion that art. 10, § 2, of the by-laws is a valid by-law, and that before anyone is entitled to a pension from the defendant by reason of sickness he must show that such sickness has a causal connection with the "service in the fire department."

Affirmed.

[1]Reported in 243 N. W. 385.