## STATE EX REL. CITY OF WASECA v. CHARLES M. BABCOCK AND OTHERS.[1]

February 3, 1922.

No. 22,677.

**State may pay for building trunk highways through cities.**

1. Under article 16 of the state Constitution, the state may with propriety pay for the construction of the normal width of trunk highways where they run through villages and cities.

**County may be required to improve roads at its own expense.**

2. The state legislature may require a county to improve, at its own expense, roads within the territorial limits of the county.

**County may be compelled to reimburse city or village for road work.**

3. Under the provisions of article 16 of the Constitution, the state legislature may require a county to reimburse a city or village for expenditures made by it after February 1, 1919, in carrying out the road building program outlined by said articles and may reimburse the county for the amount so paid.

Upon the relation of the city of Waseca the district court for Waseca county granted its alternative writ of mandamus directing the state commissioner of highways to make an order to approve the issue of a warrant by Waseca county to the city of Waseca for the cost of certain paving done by the city in the sum of $20,867.70, and directing the county auditor to issue a county warrant in that amount. From an order, Childress, J., sustaining respondents' demurrer to the petition and alternative writ, the city of Waseca appealed. Reversed.

*Joseph N. Moonan*, for appellant.

*L. H. Ostrander*, City Attorney, and *Henry A. Morgan*, Special Counsel, filed a brief for City of Albert Lea.

[1] Reported in 186 N. W. 688.

*N. D. March,* City Attorney, filed a brief in behalf of the Village of Litchfield.

*Clifford L. Hilton,* Attorney General, *C. H. Christopherson,* Assistant Attorney General, and *Henry M. Gallagher,* County Attorney, for respondents.

HALLAM, J.

This is a proceeding in mandamus to compel the state commissioner of highways to make an order to approve the issuance of a warrant by Waseca county to the city of Waseca for the cost of certain paving done by the city, to compel the county board of said county to authorize the issuance of such warrant, and to compel the county auditor to issue such warrant. Defendants demurred to the petition and the court sustained the demurrer. Relator city appeals.

The petition alleges that subsequent to February 1, 1919, the city of Waseca paved a street which is a portion of Trunk Highway No. 13 designated in article 16 of the state Constitution, that the work was done in accordance with the plans and specifications of the state commissioner of highways, and the contract for doing the work and the contract price therefor and the work done were approved by him. The city contends that under subdivision 2 of chapter 522, p. 982, Laws 1921, it is entitled to formal order of the commissioner of highways approving the plans and specifications for the work, the work done and the price paid, and, thereupon, to a county warrant in the amount so approved, but that the commissioner of highways refuses to make said order and the county board of Waseca county refuses to authorize the county auditor to issue a warrant on the alleged ground that the act of 1921 is unconstitutional.

Article 16 of the Constitution adopted in 1920 contains this language:

"Section 1. There is hereby created and established a trunk highway system, which shall be located, constructed, reconstructed, improved and forever maintained as public highways by the state of Minnesota.

"Section 2. There is hereby created a fund which shall be known as the trunk highway sinking fund. * * * The trunk highway

fund shall be used solely for the purposes specified in section 1 of this article, and when duly authorized by legislative enactment to reimburse any county for the money expended by it subsequent to February 1st, 1919, in permanently improving any road hereinbefore specifically described, in accordance with plans and specifications therefor approved by the commissioner of highways."[1]

1. There seems no question but that under article 16 the state may with propriety pay for the construction of the normal width of trunk highways where they run through villages and cities, and that, if the city of Waseca had not paved these ways, the state might authorize the improvement of the very streets that are here in question.

2. The question here is, however, whether the city, having made the improvement, may have reimbursement therefor.

Chapter 522, p. 982, Laws 1921, § 2(h) provides:

"The moneys paid out by any county to any township, borough, village, or city, in reimbursing such township, borough, village or city for so permanently improving roads, or any part thereof, described in article 16 of the Constitution of the State of Minnesota, heretofore and subsequent to February 1, 1919, shall be regarded and dealt with as moneys expended by such county in permanently improving roads or any part thereof; provided, such work shall have been done in accordance with plans and specifications approved by the Commissioner of Highways. Before any payment shall be made by any county to any such township, borough, village or city, the plans and specifications for such work, the work done and the contract price paid therefor, shall be first approved by the Commissioner of Highways by order made and filed in his office, a certified copy of which order shall be filed with the County Auditor of any such county. That thereafter the county board of any such county shall authorize the County Auditor to issue his warrant on the road and bridge fund of such county in the amount so approved by the Commissioner of Highways to such township, borough, village or city."

[1] [Laws 1919, pp. 737, 751.]

This statute is broad enough to cover the case, but the contention of the state is that the constitutional provision which authorized refundment to counties is not broad enough to authorize this legislation.   We do not sustain this contention.

Section 1 of article 16, above quoted, provides that the trunk highway system "shall be   *   *   *   constructed   *   *   *   by the state."   This article was proposed by the legislature as an amendment to the Constitution by an act approved February 21, 1919. The legislature, cognizant of the fact that the amendment could not be ratified by the people until November, 1920, and being desirous of speeding the road building program, incorporated the provisions of section 2 above quoted, in order to encourage in the meantime road building by counties.   The manifest purpose was that, in the event the amendment passed, the state should assume the cost of construction of all portions of the system constructed after February 1, 1919, and that purpose should not be defeated by any too narrow construction of language.

It will be observed that said section 2(h) contains two distinct provisions.   It imposes upon the counties the duty to reimburse its cities and villages for expenditures made after February 1, 1919, in carrying out the road building program and then provides for reimbursement of the county by the state.

There is no doubt of the power of the state legislature to require a county to improve at its own expense, roads within the territorial limits of the county.   This power of the legislature to require such a government agency to perform, at its own expense, duties of state concern, was virtually settled in Guilder v. Town of Dayton, 22 Minn. 364; see also Merchants Nat. Bank v. City of East Grand Forks, 94 Minn. 246, 102 N. W. 703; Associated Schools v. School Dist. No. 83, 122 Minn. 254, 142 N. W. 325, 47 L. R. A. (N. S.) 200; State v. County Board of Wright County, 126 Minn. 209, 148 N. W. 53. Really this is all that this proceeding directly involves, for all that is asked is that defendant officials be required to do the things essential to payment by the county to the city.   But the constitutionality of the portions of the statute which provide for refundment by the

state to the county has been fully argued and is incidentally involved and should be decided.

3. If the legislature had, by previous or by separate legislation, made the county liable for expenditures made by villages and cities in carrying out the road building program, and had the county then paid for such expenditures, there would seem no doubt that reimbursement of the county would be within the constitutional power of the legislature. Under such circumstances it could fairly be said that the county had expended the money paid by it in improving roads. But there is only a technical difference between this form of legislative procedure and the adoption of a statute which in one part requires the county to reimburse the city for expenditures made by the city in carrying out the road building program and in another part of the same act provides that, upon such payment by the county, it should have reimbursement out of the trunk highway sinking fund. This is in substance what the legislature has done. Section 2(h) may not be well worded, but it does in substance make the county liable for disbursements made by one of its villages or cities in carrying out the state road building program, and then gives the county the right of resort to the trunk highway sinking fund to cover said liability. We are of the opinion that this was within the constitutional power of the legislature.

The allegation of the petition is that the commissioner of highways refused to file the order provided by section 2(h) "for the sole reason that he asserts that said subdivision (h) of section 2, chapter 522, p. 982, Laws 1921, is unconstitutional" and "that the Board of County Commissioners and the County Auditor of Waseca County, Minnesota, refuse to authorize and issue to petitioner an order * * * because while conceding and admitting that petitioner is entitled to have said warrant issued * * * under the terms of said law they claim and assert that said law is unconstitutional."

For purposes of the demurrer, we, of course, take these allegations as true. It is unnecessary to say that the courts do not assume to control the discretion of these officials where discretion is vested in them by law, but if the refusal is on the purely legal ground

which is pleaded, performance of the duties imposed upon these officials by the statute may be compelled by mandamus.

Order reversed.

DIBELL, J. (dissenting).

I agree that under article 16 of the Constitution the state may pay for the construction of the normal width of trunk highways through villages and cities. I agree that the legislature may require a county to improve roads within its limits.

Section 1 of article 16, quoted in the prevailing opinion, establishes "a trunk highway system" which shall be "located, constructed, reconstructed and forever maintained * * * by the state." Section 2 creates a "trunk highway * * * fund." This fund "shall be used solely ffor the purposes specified in section 1 of this article, and when duly authorized by legislative enactment to reimburse any county for the money expended by it subsequent to February 1st, 1919, in permanently improving any road hereinbefore specifically described," etc.

Section 1 of Laws 1921, p. 978, c. 522, pursues the authority given by section 2 of article 16 of the Constitution and agrees to reimburse counties for moneys expended in permanently improving roads.

Section 2, subdivision 2(g) provides in detail how the counties shall be reimbursed. Subdivision (h) provides that "the moneys paid out by any county to any township, borough, village or city, in reimbursing such township, borough, village or city for so permanently improving roads or any part thereof described in article 16 of the Constitution of the state of Minnesota heretofore and subsequent to February 1, 1919, shall be regarded and dealt with as moneys expended by such county in permanently improving roads or any part thereof." Putting it in another way, the legislature defines the clause of the Constitution which provides ffor the reimbursement of "any county for the money expended by it subsequent to February 1st, 1919, in permanently improving any road hereinbefore specifically described," to mean the reimbursement for "moneys paid out by any county to any township, borough, village or city in reimbursing such township, borough, village or city for so permanently

improving roads or any part thereof described in article 16 of the Constitution of the state of Minnesota heretofore and subsequent to February 1, 1919."

Were it not for section 2(h) of the statute it would not be claimed that counties could be reimbursed out of the highway fund for moneys paid to reimburse townships and villages or other municipalities.

The county has not improved or expended its money upon the highway involved; nor has it reimbursed the city. The Constitution does not authorize the state to reimburse a township or village. It is now sought to reach such a result by letting the county reimburse the municipality and the state reimburse the county from the highway fund. The legislature gives instances, other than those for which the Constitution provides, when money may be taken from the highway fund to reimburse for road work. It does this by defining what the Constitution means by "money expended" in improving a highway by a county. It is not that the Constitution intended a roundabout reimbursement of villages or cities. It is that, as now viewed, it might well enough or better have done so.

The meaning of the Constitution is to be found by a fair construction of it. It is not for the legislature to stipulate anything into it or take anything from it. It is not for the courts to do the same by so-called construction. Neither the legislative nor judicial branch can rightfully undertake to better it.

I think the trial court was right in holding that the legislature is without authority to reimburse municipalities other than counties out of the trunk highway fund, even by indirection, and I dissent.