## COUNTY OF BELTRAMI v. JAMES C. MARSHALL AND ANOTHER.

135 N. W. (2d) 749.

April 30, 1965—No. 39,537.

*Douglas W. Cann,* County Attorney, and *Alfred C. Schmidt,* Assistant County Attorney, for appellant.

*Robert W. Mattson,* Attorney General, *Perry G. Voldness,* Deputy Attorney General, and *John R. Murphy,* Special Assistant Attorney General, for respondents.

NELSON, JUSTICE.

The action involved on this appeal was brought by Beltrami County to obtain a declaratory judgment construing Minn. St. 161.47, subd. 5; 488.10, subd. 6(e); and 488.13, subd. 6(b). The parties stipulated to the facts by and through their respective counsel, the stipulation to stand in place of and be substituted for pleadings both for the purpose of submitting the issues involved to the district court and for

the purpose of inserting the same into the record for the purpose of appeal to the supreme court. Said stipulation may here be briefly summarized as follows:

Pursuant to Minn. St. c. 488, the Municipal Court Act, the municipal court of the city of Bemidji has, in cases involving arrests by highway patrol officers in Beltrami County for traffic and motor vehicle law violations, deducted from the total of fines and forfeited bail money received by the court costs and fees payable to the city. The balance has been remitted to the treasurer of Beltrami County who has remitted 5/8 of the amount received to the state treasurer. From January 1960 to May 1962 the county received $13,409.06 from the municipal court and remitted $8,380.71 to the state treasurer. However, the defendants, the commissioner of highways and the state treasurer, contend that in addition the county should absorb all of the costs and fees taxed and incurred in, and deducted by, the municipal court, and that the state should not bear any part thereof. To enforce this position, the defendants, in remitting county-state highway aid to Beltrami County in July 1962, deducted $3,107.46, which was 5/8 of the total of costs and fees and which sum the municipal court had deducted before remittance to the county treasurer. The defendants contend that the state cannot pay its proportionate share of the costs of prosecution because the legislature has not appropriated any money for payment thereof.

The county contends that it cannot pay its proportionate share of said costs of prosecution because the county has not appropriated any money for payment thereof. It takes the position that it is not necessary for either the county or the state to appropriate money for the payment of fees and court costs in the prosecution of arrests pursuant to traffic and motor vehicle law violations by reason of the fact that all such fees and court costs are deducted by the municipal court of the city of Bemidji prior to the time said sums of money are forwarded to the county for distribution to the county and the state on a 3/8 to 5/8 basis pursuant to § 161.47, subd. 5. The county further contends that if it is required to pay the total amount of the costs and fees in prosecution of said cases in the municipal court the 3/8

which it receives may not be sufficient to cover the cost of prosecutions as charged by the municipal court.

The question is whether the county is obligated to pay the total amount of fees and costs incurred by the municipal court of the city of Bemidji in prosecuting violations of the traffic and motor vehicle law of this state notwithstanding the fact that said county receives only 3/8 of the receipts from fines and forfeited bail money and whether or not the state can offset against county-state aid highway payments to the county its share of the costs of said prosecutions. This is an issue for judicial determination involving the rights of the parties to this action and is properly an action for declaratory judgment under the laws of the state.

It will be observed from the facts stipulated to herein that the county and the state in effect shared the costs of prosecution since the fees and costs were deducted from sums collected before the net amount was paid over to the county treasurer. This brought objections to this procedure by the defendants, asserting that the city was commanded by § 161.47, subd. 5, to remit all fines and forfeited bail money from traffic and motor vehicle law violations to the county, the county to satisfy the costs incurred by the city of Bemidji out of its 3/8 share.

The trial court rendered a declaratory judgment on the pleadings in favor of the defendants from which the plaintiff appeals to this court.

The state asserts that § 161.47, subd. 5, is controlling. It reads in part as follows:

"All fines and forfeited bail money, from traffic and motor vehicle law violations, collected from persons apprehended or arrested by such employees, shall be paid by the justice of the peace, or such other person or officer collecting such fines, forfeited bail money or installments thereof, within 15 days after the last day of the month in which such moneys were collected, to the county treasurer of the county where the violation occurred. Three-eighths of such receipts shall be credited to the general revenue fund of the county. The other five-

eighths of such receipts shall be transmitted by that officer to the state treasurer and shall be credited to a separate account."

This statute makes no provision for deduction by the municipality of costs prior to the time for transmitting collected fines and forfeited bail money to the county treasurer. If § 161.47, subd. 5, is to be considered exclusively, then we are bound to conclude that the municipality must bear the entire financial burden incurred in prosecuting highway complaints on behalf of the state.

Following the enactment of § 161.47, subd. 5, the legislature enacted Minn. St. c. 488, the Municipal Court Act. Two provisions of c. 488 must be referred to in analyzing the facts herein. We will first consider § 488.13, subd. 6(b), which reads as follows:

"In the event the municipal court takes jurisdiction of a prosecution for the violation of a statute or ordinance by the state or a governmental subdivision other than the city, village, or borough in which the court is situated, all fines, penalties, and forfeitures collected shall be paid over to the treasurer of the governmental subdivision which submitted a case for prosecution under ordinance violation and to the county treasurer in all other cases except where a different disposition is provided by law, in which case, payment shall be made to the public official entitled thereto. The following fees shall be taxed to the county or to the state or governmental subdivision which would be entitled to payment of the fines, forfeiture or penalties in any case, and shall be paid to the clerk of the court for disposing of the matter:

"(1)   In all cases where the defendant is brought into court and pleads guilty and is sentenced, or the matter is otherwise disposed of without trial ... $5

"(2)   In arraignments where the defendant waives a preliminary examination ... $10

"(3)   In all other cases where the defendant stands trial or has a preliminary examination by the court ... $15."

■   Under § 488.13, subd. 6(b), where the municipal court of Bemidji takes jurisdiction of highway violations and their prosecution on behalf of the state, all fines, penalties, and forfeitures collected

shall be paid to the county treasurer because the portion of the statute requiring that they "be paid over to the treasurer of the governmental subdivision which submitted a case for prosecution under ordinance violation" is not applicable since it was not a governmental subdivision submitting the case for prosecution but rather the state itself.[1] The provisions of subd. 6(b) present a somewhat insurmountable problem by providing for the taxing of fees to the county or state or governmental subdivision which would be entitled to payment of the fines, penalties, or forfeitures since that provision remains ineffectual as applied to the state because the legislature has not appropriated the necessary money for payment by the state of the fees.[2] A legislative appropriation is always a prerequisite to state liability. Minn. Const. art. 9, § 9; Minn. St. 6.23; and State ex rel. Chase v. Preus, 147 Minn. 125, 127, 179 N. W. 725, 726, wherein this court said:

"* * * The mere creation of the liability on the part of the state, or promise of the state to pay, if the statute may thus be construed, is of no force in the absence of an appropriation of funds from which the liability may be discharged."

The only other available argument for charging the costs against the state's 5/8 interest is that an appropriation by the state is unnecessary since the costs can be offset against the state's share of monies collected. Section 488.13, subd. 6(b), states that the costs will be taxed to the state, not set off against the state's share. If the latter was intended the legislature would have so provided. Thus as matters stand at present, the state may not be taxed and therefore its 5/8 interest is not amenable to a statutory offset.

The second provision of c. 488 which must be referred to is § 488.10, subd. 6(e), which in so far as pertinent reads as follows:

"The clerk shall pay such fees and mileage to witnesses as may be ordered by the judge in any action or proceeding involving a

[1]See, 13A Dunnell, Dig. (3 ed.) § 6517.

[2]The attorney general reached this same conclusion in Opinion Attorney General, No. 306b-4, March 16, 1960.

charged violation of a criminal law or municipal ordinance. The clerk shall obtain receipts therefor as vouchers for the sums paid and *shall deduct these payments from the amounts otherwise due the officers to whom the clerk is required to pay fees, costs, and fines.*" (Italics supplied.)

In construing § 488.10, subd. 6(e), the attorney general in Opinion Attorney General, No. 306b-3, July 9, 1964, concluded that jurors' and witnesses' fees paid could not be deducted from that portion of the fees collected which was due to the state. The attorney general's conclusion appears to rest on Minn. St. 645.27, which reads:

"The state is not bound by the passage of a law unless named therein, or unless the words of the act are so plain, clear, and unmistakable as to leave no doubt as to the intention of the legislature."

The county makes no reference to this attorney general's opinion or to § 645.27. It simply argues that if the legislature had intended that only the county should be charged with the expenses of prosecution it would have said so. We are inclined to conclude, on the overall statutory pattern, that the attorney general reached the correct conclusion.

Were we to construe § 488.10, subd. 6(e), as the county suggests, the county and the state would actually be sharing the costs of the prosecutions by the municipality. No reason for such payments by the state to the county has been advanced by plaintiff's counsel, nor is authority therefor to be found in the statutes. If the legislature should desire to cast the entire financial burden of prosecuting for violation of the traffic and motor vehicle laws upon the municipality or the county it would be free to do so since the power of the legislature to require such a governmental agency to perform, at its own expense, duties of state concern is manifest. State ex rel. City of Waseca v. Babcock, 151 Minn. 321, 186 N. W. 688; State ex rel. Chase v. Preus, *supra*; and 5 Dunnell, Dig. (3 ed.) § 2242.

Appellant argues with some merit as follows:

"The respondents stipulated, and the court found, that the county treasurer acts as agent for the state for transmission of funds under

§ 161.47, Subd. 5. If this is the case, then the quarrel of the state should be with the municipal court, not with the county or its treasurer. If the state is entitled to further funds, as it claims, it is the [municipal] court, not the county, which has wrongfully retained them, and the court, not the county, which should be required to pay them. The treasurer of the county has done what the statute requires: he has paid five-eighths of his receipts from the municipal court to the state."

The municipality of Bemidji is not a party to this action. Since, however, its function in this matter is of a mechanical nature its absence as a party is not of great import. We assume that the municipality will abide by the construction which this court places on the statutes in question and that it would act accordingly. For that reason it would serve no useful purpose to remand so as to make the city a party and we will refrain from doing so.

The county contends that § 161.47, subd. 5, should not be so simply applied and argues that in view of the language of § 488.13, subd. 6(b), the fees therein made payable to the municipal court should be deducted, that is, at least 5/8 of said fees should be deducted from the state's 5/8 of the fine money. While this deduction or any partial deduction is nowhere spelled out in any of the statutes involved, it is clear that the county can only justify this contention in pursuit of the goal which it contends is one of fairness and justice to the governmental entities involved and that it ought to be presumed that the legislature so intended.

The defendants contend that the issue must be resolved by the application of well-known rules of law rather than by attempting to spell out a conjectural concept of fairness; that the rules of law applicable are that the state can pay no money without an appropriation, and that the practical construction of a statute must be given effect.

■ Since the state can pay no money without an appropriation it seems clear that to allow the fees due the municipal court to come out of the state's 5/8 of the fine money is the same as requiring the state to pay the fees. This cannot be done for the simple reason

that the legislature has made no appropriation for that purpose. In State ex rel. Chase v. Preus, 147 Minn. 125, 179 N. W. 725, 726, this court said, "A statute creating a liability on the part of the state is not in itself, standing alone, an appropriation act."

It would not serve as an answer to the county's contentions for this court to say that because § 488.13, subd. 6(b), refers to the state's liability to pay similar fees or any portion thereof incurred in prosecuting traffic and motor vehicle violations here involved it ought presently in fairness to be harmonized with § 161.47, subd. 5. This court has heretofore answered that argument in State ex rel. Chase v. Preus, *supra*. If the conclusion reached by the court below was impelled through an omission on the part of the legislature to make necessary appropriations, the fact that the legislature has not corrected the situation, if it is incumbent upon it to do so, does not justify this court in overruling the trial court and in effect legislating so as to harmonize the sections of the statutes. As was said by the defendants in concluding their brief:

"The issue is the proper disposition of patrol fines. Whatever this Court decides will be reported to the legislature. Minn. Stat. 482.09(9). * * * if the legislature then favors a different disposition of the fines, it can so provide."

Judgment affirmed.

### ON PETITION FOR REHEARING.

On May 28, 1965, the following opinion was filed:

Per Curiam.

We construe Minn. St. 488.13, subd. 6(b), and 161.47, subd. 5, to mean that upon receipt by the city of Bemidji of fines, penalties, and forfeitures the city shall divide such moneys in 3/8 and 5/8 shares. From the 3/8 shares the city will deduct costs as provided in § 488.13, subd. 6(b), and expenses as indicated in § 488.10, subd. 6(e). Within 15 days after the last day of the month in which such moneys were collected the city of Bemidji will pay to the County of Beltrami the full 5/8 share and that which remains from the 3/8 share. The county will then remit the full 5/8 share to the state

treasurer as provided in § 161.47, subd. 5. If the city's statutory expenses and costs exceed the 3/8 share, then such expense must be borne by the county. Under this construction the state receives 5/8 of the total moneys collected and the county must satisfy all expenses and costs; hopefully, such expenses and costs will not exceed 3/8 of the total moneys collected by the city, but if they do, it is the county's responsibility.

Petition for rehearing denied.