## STATE, BY ITS ATTORNEY GENERAL, WARREN SPANNAUS v. WILLIAM J. SCHNEIDER AND OTHERS.

211 N. W. 2d 516.

September 28, 1973—No. 43837.

W. R. Glaeser, County Attorney, for appellants.

Warren Spannaus, Attorney General, and Frederick S. Suhler, Jr., Special Assistant Attorney General, for respondent.

PER CURIAM.

Defendants' appeal from a declaratory judgment presents the issue of the authority of clerks of county courts to deduct statutory court

fees authorized to be taxed against the state by Minn St. 1971, § 487.31, subd. 1(e), of the County Court Act from the five-eighths share of fines and forfeited bail money which Minn. St. 299D.03, subd. 5, provides shall be transmitted to the state in highway patrol prosecutions for traffic and motor vehicle law violations.

The same issue as to the authority of municipal court clerks, pursuant to § 488.13, subd. 6(b), of the Municipal Court Act, to deduct such fees was presented in County of Beltrami v. Marshall, 271 Minn. 115, 135 N. W. 2d 749 (1965). There, we held that, in the absence of an express legislative appropriation as required by Minn. Const. art. 9, § 9, no deduction of taxable fees is authorized even though, in language identical to Minn. St. 1971, § 487.31, subd. 1(e), of the County Court Act, Minn. St. 488.13, subd. 6(b), of the Municipal Court Act created a liability of the state to pay court fees. Such liability we held "is of no force in the absence of an appropriation of funds from which the liability may be discharged." State ex rel. Chase v. Preus, 147 Minn. 125, 127, 179 N. W. 725, 726 (1920).

The only difference in language between the statutes governing the claimed authority of the municipal and county court clerks to deduct taxable fees is that in Minn. St. 1971, § 487.31, subd. 1(e), of the County Court Act, this sentence is added:

"* * * The clerk shall deduct the fees from any fine collected and transmit the balance in accordance with the law."

Defendants urge that this addition expresses a legislative intent that the state discharge its liability for court fees without an appropriation as the fees are intended to be offset against the state's five-eighths share before the fines collected are transmitted monthly to the state treasurer.

This same argument was advanced and rejected in the Beltrami case, where we said (271 Minn. 119, 135 N. W. 2d 753):

"The only other available argument for charging the costs against the state's 5/8 interest is that an appropriation by the state is unnecessary since the costs can be offset against the state's share of monies collected. Section 488.13, subd. 6(b), states that the costs will be taxed to the state, not set off against the state's share. If the latter was intended the legislature would have so provided. Thus as matters stand at present, the state may not be taxed and therefore its 5/8 interest is not amenable to a statutory offset."

Acknowledging the argument's more persuasive force in this case, we are nevertheless not disposed to deviate from our prior disposition

because (1) if the added sentence was intended as an appropriation, it would have to be held that by implication it amended Minn. St. 299D.03, subd. 5, so as to entitle the state not to five-eighths of the fines but to five-eighths less deductible fees, as surely the state's share of the fines become state funds when levied; and (2) since the Beltrami decision, the legislature has not acted to change the result with respect to municipal courts but has done so with respect to county courts by amending the sentence quoted above to read as follows:

"* * * The clerk shall deduct the fees from any fine collected and transmit the balance in accordance with the law, and the deduction of the total of such fees each month from the total of all such fines collected is hereby expressly made an appropriation of funds for payment of such fees." L. 1973, c. 679, § 30.

Even though it could be argued that this amendment was merely clarifying what defendants urge to have been the law since the adoption of the County Court Act, we prefer to regard it as evincing an intent to correct what the 1973 legislature determined to be an inequity since, significantly, the legislature chose not to make it retroactive in its effect and has not yet taken action with respect to the same provision of the Municipal Court Act.

Affirmed.

MR. JUSTICE YETKA and MR. JUSTICE SCOTT, not having been members of this court at the time of the argument and submission, took no part in the consideration or decision of this case.